**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

GUSTAVO NEVAREZ, JR., an individual,    )
    )  Case No. 3:24-cv-50369
    Plaintiff,    )
    )  Judge Iain D. Johnston
vs.    )
    )  Magistrate Judge Lisa A. Jensen
BOONE COUNTY, ILLINOIS, a body politic    )
and corporate, and DIANE ZIMMERMAN, an    )
individual in her official capacity,    )
    )
    Defendants.    )

## DECLARATION OF DIANE ZIMMERMAN IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF's EMERGENCY MOTION FOR A TRO AND MANDATORY INJUNCTION

I, Diane Zimmerman, declare and state as follows:

1.    I am named in this matter in my official capacity as the Zoning Enforcement Officer of Boone County, Illinois.

2.    I make this Declaration in support of Defendants' opposition to Plaintiff's Emergency Motion for TRO and Mandatory Injunction.

3.    I have personal knowledge of the facts set forth herein.

4.    If called as a witness, I would competently testify to the following facts, all of which are within my own personal knowledge, except for any matters stated upon information and belief, and as to those matters, I believe them to be true.

5.    I am the acting Zoning Enforcement Officer for Boone County, Illinois.

6.    As part of my duties as Zoning Enforcement Officer, I process and review applications for temporary use permits ("TUPs").

7.    I review applications for temporary use permits for completeness and accuracy.

8. I act upon the authority provided to me by the Boone County, Illinois Zoning Ordinance (the "Zoning Ordinance"), Section 4.2 of which relates specifically to TUPs including animal shows.

9. The Zoning Ordinance provides the zoning enforcement officer with authority to deny TUPs if the applicant has a "demonstrated and documented failure to comply with the regulations of a similar previously granted temporary use." Zoning Ordinance, § 4.2.6.F.

10. The Zoning Ordinance further provides the zoning enforcement officer with the "right to deny the issuance of a temporary use permit for a specified time, based on non-compliance with section 4.2." Zoning Ordinance, § 4.2.6.F.

11. The Zoning Ordinance confirms that appeals from decisions should be filed with the Zoning Administrator (presently Mrs. Jessica Roberts) to be heard by the Boone County Zoning Board of Appeals (the "ZBA"). Zoning Ordinance, § 4.2.6.G.

12. I communicated with Plaintiff on a regular basis providing information and direction in terms of how he could apply for temporary use permits.

13. Over the course of the past several years, Plaintiff has applied for, and was granted, a number of TUPs for animal shows on the Property.

14. On June 7, 2024, Plaintiff emailed me requesting a copy of the new Zoning Ordinance relative to TUPs. I replied the same day attaching a copy of the new ordinance and the updated TUP application form. A true and correct copy of the email exchange is attached as Exhibit A.

15. Plaintiff applied for and was issued a TUP for an animal show that took place on July 6, 2024.

16. I was later informed that there were identified violations of the Zoning Ordinance that took place at Plaintiff's July 6, 2024 animal show.

17. The violations included a failure to ensure participants wear clearly visible numbered bibs, music continuing to play after 8:00 p.m., music being played when animals were not performing, violation of set back rules, and non-compliance with the approved site plan.

18. I emailed Plaintiff on July 17, 2024, notifying him of the TUP violations, urging compliance, and warning him that continued violations could result in future denials of TUPs. A true and correct copy of the email is attached as Exhibit B.

19. Plaintiff responded to my email on July 18, 2024, stating that "all these complaints are a bunch of crap" and "[i]f I keep getting threats from the county and the sheriffs that come to my property from this county that my permits will be taken away for nonsense like that. The county will have an another lawsuit on there hands quick." See Exhibit B.

20. Plaintiff later applied for and received a TUP for an animal show to be held on August 4, 2024.

21. After the August 4, 2024 animal show, I received a notice in the form of police reports that many of the same violations having occurred at the July 6, 2024 animal show, continued at the August 4, 2024 animal show, including but not limited to, the failure to ensure that participants wear clearly visible bib numbers.

22. As a result of the continued violations, I made the decision to deny Plaintiff's application for an animal show on September 15, 2024 and the issuance of any further TUPs for a period of one (1) year.

23.     The Boone County State's Attorney's Office conveyed notice of this denial and suspension to Plaintiff on August 26, 2024 via electronic mail. A true and correct copy of the notice is attached as Exhibit C.

24.     After receipt of the notice, Plaintiff contacted me asking for information on how to appeal the decision.

25.     I referred Plaintiff to the Zoning Administrator for further information, and on August 30, 2024, an application for appeal was submitted by Plaintiff's attorney seeking reconsideration by the ZBA of the denial of the TUP for the September 15, 2024 animal show, and the one (1) year suspension (the "Appeal"). A true and correct copy of the Appeal is attached as Exhibit D.

26.     The Appeal is currently set for hearing before the ZBA at the next scheduled meeting on Tuesday, September 24, 2024 at 7:00 p.m.

This concludes my declaration.

## <u>VERIFICATION BY CERTIFICATION</u>

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

By: _Diane Zimmerman_

Date: _9-12-24_

# EXHIBIT A

-----Original Message-----
From: Diane Zimmerman <dzimmerman@boonecountyil.gov>
Sent: Wednesday, September 4, 2024 11:06 AM
To: Karla Maville <kmaville@boonecountyil.gov>
Subject: FW: Animal show

Diane Zimmerman
Zoning Inspector
Boone County Building Department
1212 Logan Ave  Suite 101
Belvidere IL  61008
Phone: 815-544-6176
Fax: 815-547-0906

PLEASE NOTE E-MAIL ADDRESS HAS BEEN CHANGED FROM .ORG TO .GOV

dzimmerman@boonecountyil.gov

-----Original Message-----
From: Diane Zimmerman
Sent: Friday, June 7, 2024 12:55 PM

1

To: 'Gustavo Nevarez' <g.nevarez0711@gmail.com>
Subject: RE: Animal show

Hi Gustavo,
Attached is the new ordinance along with the new application. Let me know if you have any questions.
Have a great weekend!

Diane Zimmerman
Zoning Inspector
Boone County Building Department
1212 Logan Ave  Suite 101
Belvidere IL  61008
Phone: 815-544-6176
Fax: 815-547-0906

PLEASE NOTE E-MAIL ADDRESS HAS BEEN CHANGED FROM .ORG TO .GOV

dzimmerman@boonecountyil.gov

-----Original Message-----
From: Gustavo Nevarez <g.nevarez0711@gmail.com>
Sent: Friday, June 7, 2024 12:49 PM
To: Diane Zimmerman <dzimmerman@boonecountyil.gov>
Subject: Animal show


This message originated from an External Source. DO NOT click links or open attachments unless you recognize the sender and know the content is safe.



Good afternoon Mrs. Zimmerman

So I know Changes have been made to the temorary use permit so I'm not sure of the new guidelines but I would like to pull an animal show permit for July 6.  If you can guide me or point me in the right direction I would really appreciate it and have a wonderful weekend.
Sent from my iPhone



# Boone County Government

*1212 LOGAN AVE, STE 102*
*BELVIDERE, IL 61008*
*PHONE: 815-547-4770   FAX: 815-547-3579*

## ORDINANCE NO. 24-04

## AN ORDINANCE AMENDING THE BOONE COUNTY ZONING ORDINANCE CHAPTER 4.2 TEMPORARY USE AND SPECIAL EVENTS

**WHEREAS**, Boone County has adopted Appendix A (Zoning Ordinance) of the Boone County Code pursuant to the Illinois Compiled Statutes to establish and set forth regulations pertaining to the use and development of land, buildings, and structures in the County: and,

**WHEREAS**, it is necessary and desirable to periodically amend the Zoning Ordinance in response to changes in technology, business and development practices, and community standards, and to improve administration and enforcement procedures; and,

**WHEREAS**, the application for the text amendment was published in accordance with the Illinois State Statutes in a newspaper of general circulation distributed within Boone County; and,

**WHEREAS**, after due notice the Zoning Board of Appeals held a public hearing on February 27, 2024 to consider the amendments to the text and has transmitted its recommendation on the matter to the County Board; and,

**WHEREAS**, the County Board has considered the Zoning Board of Appeals' recommendation.

**NOW THEREFORE, BE IT ORDAINED** by the County Board Chair and County Board Members of the County of Boone, State of Illinois, as follows:

**Section 1.**  That the attached sections of the Boone County Zoning Ordinance be hereby amended.

**Section 2.**  That all ordinances and parts of ordinances in conflict herewith are hereby repealed insofar as the conflicting portions thereof are concerned; and that

**Section 3.**  That this ordinance shall be in full force and in effect from and after its passage as provided by law and pursuant to the Illinois Compiled Statutes.
This written and foregoing ordinance is published by authority of the county authorities of Boone County in pamphlet form on this date.

## CHAPTER 4.2 TEMPORARY USE AND SPECIAL EVENTS

### 4.2.2. Temporary use permit.

Applications for a temporary use permit shall be made to the zoning enforcement officer at least 14 days before the commencement of the temporary use. Applications shall be obtained from the zoning enforcement officer. The zoning enforcement officer is authorized to issue a permit for a temporary use provided it meets the requirements in section 4.2.



# *Boone County Government*

*1212 LOGAN AVE, STE 102*
*BELVIDERE, IL 61008*
PHONE: 815-547-4770   FAX: 815-547-3579

Submitted applications shall contain the following information:

A. The commonly known address, and property index number of the property to be used, rented, or leased for the temporary use;

B. A detailed description of the proposed use;

C. The applicant's name and the property owner's name (if different than applicant) as well as any vendor, promoter, or organization involved in the planning and/or operation of the event.

D. The name and cell phone number of an on-site manager who must be present for the entire event;

E. Site plan as specified herein;

F. Provisions for waste disposal (solid and human). Provisions/facilities must be approved and licensed according to the Private Sewage Disposal licensing Act (225 ILCS 225) and the Private Sewage Disposal Code (Ill. Admin. Code tit. 77, § 905);

G. Provisions for temporary food service facilities;

H. Paved or graded ingress and egress for emergency, police, and regulatory traffic;

I. Approximate dimension of area designated for on-site parking;

J. Fifty-foot setback from all right of ways and all other property lines for all sales areas, seating areas, activities, performance and event areas, and parking areas;

K. Compliance with applicable building and fire codes;

L. Traffic control;

M. Provisions for clearing debris;

N. Hours of operation.

## 4.2.3. Specific uses and regulations.

A. The following are considered temporary uses and are subject to specific regulations and time limits, in addition to the regulations of any zoning district in which the uses are located.

    1. Animal Show/Rodeo. A temporary use permit may be issued for the showing of animals and displays of their performance in both formal and informal competitions and practices of ten or more participants and/or spectators within the A-1, A-2, B-1, and B-2 districts. Events sponsored by public agencies do not require a temporary use permit. A permit for an animal show/rodeo shall be valid for not more than one (1) day. No more than four (4) permits shall be issued for any single location per year. Each permit is not renewable. Each event shall be at least twenty-one (21) days apart on a single property.

        a. Hours of Operation (defined as when event is open to the public and excluding set up time): Animal shows/rodeos located within the A-1 and A-2 district shall operate within the hours of 11:00 a.m. to 8:00 p.m. Animal shows/rodeos located within the B-1 and B-2 district shall operate within the hours of 10 a.m. to 10 p.m.

b.  **Animal Safety Plan.**  For each Animal Show and Rodeo, an Animal Safety Plan shall be reviewed by a licensed veterinarian.  The Plan shall include how animals will be cared for in the event of injury and will provide the name, address, and phone number of a licensed veterinarian who will be on site, or available to be on-site within 45 minutes, during the entire duration of the animal show and Rodeo.

c.  **Participant Identification.**  All participants in the animal show/rodeo who interact with the animals must wear a clearly visible bib number on their back.  This includes the competitors and the individuals responsible for moving the animals from place to place before, during, and after the event.  The applicant and/or the property owner shall maintain a list of all such participants corresponding with their bib number and their contact information, and shall provide that list to the County upon request of the Zoning Enforcement Officer or State's Attorney's Office.  This list must be kept by the applicant and/or the property owner for no less than three years after the date of the event.

d.  **Weather Cancellation.**  Animal Show/Rodeos shall be allowed to have up to four (4) events in a calendar year, provided that if an event date selected is cancelled due to inclement weather, the operator is guaranteed that the cancelled event does not count against his or her event allowance. The operator must notify the Zoning Enforcement Officer of the cancellation by email, prior to the start of the event. No re-application is needed for a rescheduled show unless there are changes with respect to the information required by section 4.2.2 or 4.2.3.B. If a re-application is necessary, the replacement date must be at least 14 days after the re-application is submitted. If no re-application is necessary, the replacement date can be as soon as 24 hours after the start time of the canceled show. The operator must notify the Zoning Enforcement Officer of the replacement date as soon as possible, but in no instance fewer than 24 hours before the replacement show.

2.  *Carnival or circus.* A temporary use permit may be issued for a carnival or circus within the B-1 and B-2 districts. The permit shall be valid for a period not longer than three consecutive days and is not renewable.

    a.  Hours of operation (defined as when event is open to the public and excluding set up time): Carnivals or circuses shall operate within the hours of 10:00 a.m. to 10:00 p.m.

3.  *Christmas tree sales.* A temporary use permit may be issued for the display and open-lot sale of Christmas trees within the A-1, B-1, and B-2 districts. The permit shall be valid for a period no longer than 60 consecutive days (including setup and tear-down) and is not renewable.

4.  *Contractor's office, equipment shed, and/or construction trailer.* A temporary use permit may be issued for a trailer for use by a building contractor as a temporary office or shelter incidental to construction on and/or development of the premises on which the trailer is located only during the time of said construction or development in all zoning districts. The permit shall be valid for not more than one year, but may be renewed.

5.  *Festival.* A temporary use permit may be issued within the B-1 and B-2 district, for tents or other temporary structures and related facilities to house and serve activities, such as but not limited to, public celebrations, special observances, cultural events, or entertainment programs sponsored by a local civic, religious, governmental or recognized, duly chartered fraternal organizations. The permit shall be valid for no more than three consecutive days and is not renewable.

    a.  Hours of operation (defined as when event is open to the public and excluding set up time): Festivals shall operate within the hours of 10:00 a.m. to 10:00 p.m.

6.  *Flea market.* A temporary use permit may be issued for the establishment of an open-air flea market for the sale of new and second-hand goods, handicrafts, and antiques by individuals each occupying separate booths or tables within the B-1 and B-2 districts. The permit shall not be valid for more than

three consecutive days, not to exceed 12 calendar days per month. Not more than two renewals are allowed per calendar year.

7. *Outdoor music/entertainment event, outdoor concert (not associated with other temporary uses).* A temporary use permit may be issued for outdoor music and entertainment events, outdoor concerts (not otherwise qualifying as a tent theater, religious meeting, or festival sponsored by local civic, religious, governmental organizations and recognized, duly chartered fraternal organizations) within the B-1 and B-2 districts. Said permit shall only be valid for not more than three consecutive days from the date of issuance and is not renewable.

   a. Hours of operation (defined as when event is open to the public and excluding set up time): Outdoor music/entertainment events and outdoor concerts shall operate within the hours of 10:00 a.m. to 10:00 p.m.

8. *Real estate project sales office.* A temporary use permit may be issued for a temporary real estate office in any new subdivision which has been approved by the county board in all residential districts. The office shall contain no sleeping or cooking accommodations. The permit shall be valid for not more than one year, but is renewable. The office shall be removed upon completion of the development of the subdivision. A model home may be used as a temporary sales office but must obtain a certificate of occupancy.

9. *Religious tent meeting.* A temporary use permit may be issued within the B-1 and B-2 districts for a tent or other temporary structure to house religious meetings for a period of not more than three consecutive days and is not renewable.

   a. Hours of operation (defined as when event is open to the public and excluding set up time): Religious tent meetings shall operate within the hours of 10:00 a.m. to 10:00 p.m.

10. *Retail sales.* A temporary permit may be issues for the sale of general merchandise for a temporary structure within the B-1 and B-2 districts. The structure shall be removed from the property nightly. The permit shall not be valid for more than 90 consecutive days per location, but is renewable one time per calendar year.

11. *Sawmill (portable).* A temporary use permit is required for the cutting and use of the trees from that parcel or lot only within the A-1 and A-2 districts. The portable sawmill shall not be located closer than 500 feet from a residence unless it is that of the owner. The permit shall be valid for six months, but may be renewed.

12. *Seasonal sales of farm product.* A temporary use permit may be issued for the operation of roadside stand for the sale of farm produce which was not grown on the premises within the B-1, B-2, I-1, and I-2 Districts. The permit shall be valid for not more than six months per year and is not renewable. No sales shall be made within 30 feet of any street or road right of way. For any roadside stand operating more than three months per year, an off-street parking area shall be provided and the maximum area of the roadside stand shall be 120 square feet.

13. *Tent sales.* A temporary use permit may be issued for a tent to house the sale of merchandise by an established local retailer within the B-1 and B-2 districts. The permit shall be valid for not more than seven consecutive days, but may be renewed one time per calendar year.

B. The following regulations apply to the temporary uses listed in 1, 2, 5, 7, and 9.

1. *Pre-application procedure.* Application materials for similar events occurring multiple times during the calendar year may be reviewed prior to the commencement of any of the events, and approved for the event season, at the discretion of the zoning enforcement officer and review by appropriate staff. If changes to any of the application materials occur, the applicant must notify and update the county as soon as the changes become effective.

2. *Security.* The Boone County Sheriff's Department shall be notified of the event by the zoning enforcement officer, and the applicant agrees to the following:

   a. Allow access to the property by the sheriff's department, health department, and the building and zoning department.

   b. A security plan to be submitted and reviewed by the sheriff that provides a description of crowd control and security measures, including traffic control at the conclusion of the event, with security personnel provided by a licensed security contractor agency licensed by the Illinois Department of Financial and Professional Regulation to provide such security services. A copy of the agency's license shall be provided.

   c. The security personnel required by paragraph b. shall be present on the premises beginning at the time the show starts, up to and through one-half hour after the event ends.

3. *Insurance.* Proof of insurance shall be provided, showing evidence of a general liability policy with a limit of no less than $1,000,000.000 combined single limit per occurrence for bodily injury, personal injury, property damage, and general liability naming the property owner as an additional insured if the applicant is other than the property owner. This shall be submitted on a standard ACORD form stating the dates of coverage and any limitations and exclusions.

4. *Liquor.* If applicable, the appropriate liquor license shall be obtained in accordance with Chapter 6, Alcoholic Liquor of the Boone County Code.

5. *Food.* Temporary food establishments will be operated in accordance with the Boone County Health Department permits and applicable codes.

6. *Sanitation.* Sanitary facilities must be provided, and a signed contract from an Illinois licensed portable sanitation company/pumper must be submitted. Handwashing facilities must also be provided.

7. *Parking.* Parking in the public right of way or within 50 feet of the property line is prohibited. Parking shall be contained completely on the property; no off-site parking is allowed. Any drop off and pick up shall be on the property and shall not disrupt flow of traffic on public roadways or within the right of way.

8. *Access.* If a single access drive is used, the access shall be wide enough to accommodate two-way traffic. If the access cannot accommodate two-way traffic, then two access drives shall be used and one shall be designated as ingress and one designated as egress. No mud or debris shall be deposited within the public right of way.

9. *Lighting.* Any outdoor lighting shall be directed down and away from residences and residential districts.

10. *Clean up.* Recycling and waste receptacles shall be provided, and on- and off-site event clean up shall occur within 24 hours of the closing of the event.

11. *Spectators.* Spectators shall not stay overnight on the property, unless a campground special use is separately submitted and approved.

12. *Site visit.* A site visit shall be scheduled prior to the event by the zoning enforcement officer or their designee. The zoning enforcement officer shall notify the applicant of any issues with the site and work with the applicant to be in compliance. If the applicant does not come into compliance, the zoning enforcement officer shall have the right to revoke, postpone, suspend and/or cancel the temporary use permit.

### 4.2.4. Signs.

Signs for temporary uses shall comply with section 5.6.

### 4.2.5. Accessory music/public announcement.

This section applies to amplified music/public address systems that are associated with a temporary use in section 4.2.3 except for section 4.2.3(A)10. Amplified music/public address systems shall be subordinate and auxiliary to the primary temporary use.

A.    All speakers for public address systems and amplified music shall be located a minimum of 100 feet from any lot line and directed to the interior of the property. If multiple parcels are associated with the event, the setbacks shall apply to all exterior lot lines.

B.    Amplified music and announcements over the public address system shall end when the principal temporary use ends.

C.    This paragraph supersedes section 48-11 of the Boone County Code; no amplified music shall be allowed on the property after the principal temporary use ends.

### 4.2.6. Issuing permits.

The zoning enforcement officer shall issue a temporary use permit only if the following conditions have been met:

A.    All appropriate fees are paid in accordance with the fee schedule adopted by the county board;

B.    A site plan is provided and approved by all appropriate county staff. The site plan shall include:

1.    Map scale with north arrow;
2.    The actual dimensions of the lot, yard, and other open space dimensions thereof and the location and size of existing structure(s) thereon;
3.    The location(s) of required ingress and egress;
4.    Designated areas for parking, including participant and spectator parking (if applicable) and the dimensions of each;
5.    Signage;
6.    Setbacks;

C.    All other county and State of Illinois permits, if required for the proposed use, have been approved;

D.    All conditions specified in the specific regulations of this section are met;

E.    All conditions specified by the zoning enforcement officer and/or other county staff are met;

F.    The zoning enforcement officer shall have the authority to deny a temporary use permit if the applicant has a demonstrated and documented failure to comply with the regulations of a similar previously granted temporary use. The zoning enforcement officer reserves the right to deny the

### 4.2.7 Permit form.

A permit will be issued for all temporary uses and shall contain the following information:

A.    Applicant's name;

B.    Location, type, and effective dates of the temporary use; and

C.    Conditions specified by county authorities for the temporary use.

All permits shall be forwarded to the Boone County Sheriff's Department.

### 4.2.8. Permit renewal.

For permits which may be renewed pursuant to this Code, applicants shall have an application filed for renewal at least 15 days prior to the expiration date of the current permit. The zoning enforcement officer reserves the right to deny the issuance or renewal of any temporary use permit for a specified time, based on non-compliance with section 4.2.

### 4.2.9. Permit fees.

Temporary permit fees shall be collected according to the most recent fee schedule approved by the county board. Permit fees shall be paid at time of application submittal.

### 4.2.10. Permit revocation.

The zoning enforcement officer shall have the authority, at any time prior to or during the period for which a permit has been issued, to revoke the permit if it is determined that information is inaccurate or incomplete of which inaccuracy or omission substantially affects the event proposed or if the zoning enforcement officer becomes aware of information which they believe poses a serious threat to the health, welfare, security, or safety of any resident of Boone County or any other persons attending the event.

Violation of this code may result in, including but not limited to, denial or revocation of any future permits. The zoning enforcement officer reserves the right to revoke any future temporary use permits for a specified time, based on non-compliance with section 4.2.

**PASSED, APPROVED, AND ADOPTED** by the County Board of Boone County, State of Illinois,

This 22 , day of March 2024 .

_____
Rodney Riley, Chairman
Boone County Board

ATTEST:

_____
Boone County Clerk

Ayes: 12  Nays: _____  Absent: _____  Abstain: _____  Voice Vote: _____

**Additional bullet point for Security:**

- The security personnel required by paragraph b. shall be present on the premises beginning at the time the show starts, up to and through one-half hour after the event ends.

4. **Animal Safety Plan (Rodeos/Animal Shows)**
   - Animal safety plan shall be reviewed by a licensed veterinarian
   - The applicant shall provide contact information for a licensed veterinarian who will be on-site, or available to be on-site within 45 minutes, during the entire duration of the animal show.
   - All animal shows and rodeos shall comply with the Illinois Animal Welfare Act and the Illinois Humane Care for Animals Act.

5. **Contestant Records (Rodeos/Animal Shows)**
   - All participants in the animal show/rodeo who interact with the animals must wear a clearly visible bib number on their back. This includes the competitors and the individuals responsible for moving the animals from place to place before, during, and after the event.
   - The applicant and/or the property owner shall maintain a list of all such participants corresponding with their bib number and their contact information, and shall provide that list to the County upon request of the Zoning Enforcement Officer or State's Attorney's Office.
   - This list must be kept by the applicant and/or the property owner for no less than three years after the date of the event.

# Boone County Building Department

## Temporary Use Permit Application

1212 Logan Ave                                              (815) 544-6176 (phone)
Suite 101, Belvidere, IL 61008                              (815) 547-0906 (fax)

**This application must be submitted at least fourteen (14) days prior to the commencement of the temporary use.**

Applicant Name:_____
Address:_____
Daytime Phone:_____

Property Owner's Name (if different than above):_____
Address:_____
Daytime Phone:_____

Name and phone number of on-site manager who will be present for the entire event:
_____

Property Index Number:_____

Description of proposed use:_____
_____
_____
_____
_____
_____

Date(s) of proposed use:_____

Hours of operation:_____

Will waste disposal be provided?_____  If yes, describe:_____
_____
_____

Will food services be provided? _____  If yes, provide the name of all food service providers and a brief
description of the services they will provide:_____
_____
_____

Will beer or wine be provided?_____  If yes, provide the name of the person/entity obtaining the liquor license:_____
_____
_____
_____

Please provide a site plan for the temporary use. The site plan should include the following:

- Approximate dimensions of temporary use area
- Any permanent structures within the temporary use area
- Area designated as on-site parking for both participants and spectators
- Any temporary structures, including, but not limited to tents, arenas, and stages
- Area designated for spectators or other seating
- Food stands/food trucks
- Location of speakers or other amplifiers;
- Bathrooms/porta-potties
- Routes of ingress/egress to and from the temporary use area from the public right-of-way
- Location of any signage
- Setbacks
- Map scale with north arrow

**\*\*\*Please review the attached copy of Boone County Code Section 4.2 for a complete list of regulations that apply to all-specified events\*\*\***

**Supplemental Application for:** Animal Shows/Rodeos; Carnivals; Circuses; Festivals; Outdoor Music/Entertainment Events; Outdoor Concerts; or Religious Tent Meetings

Type of Event:_____

Additional information required:

1. **Security**
   - Submit a security plan that includes a description of crowd control and security measures.
   - The plan should include provisions for traffic control.
   - Security personnel must be provided by a security contractor licensed by the Illinois Department of Financial and Professional Regulation.
   - Provide a copy of the security contractor's license
   - Security personnel shall be present on the premises beginning at the time the show starts, up to and through one-half hour after the event ends.
   - Please indicate approximate show start time _____.

2. **Insurance**
   - Submit proof of insurance.
   - Coverage must be no less than $1,000,000.00 dollars combined single limit per occurrence for bodily injury, personal injury, property damage, and general liability, naming the property owner as an additional insured if the applicant is other than the property owner.
   - The proof of insurance must be on a standard ACORD form stating the dates of coverage and any limitations and/or exclusions.

3. **Sanitation**
   - Sanitary facilities must be provided.
   - A signed contract from an Illinois licensed portable sanitation company/pumper must be submitted with the application.
   - Handwashing facilities must also be provided.

4. **Animal Safety Plan (Rodeos/Animal Shows)**
   - Animal safety plan shall be reviewed by a licensed veterinarian
   - The applicant shall provide contact information for a licensed veterinarian who will be on-site, or available to be on-site within 45 minutes, during the entire duration of the animal show.
   - All animal shows and rodeos shall comply with the Illinois Animal Welfare Act and the Illinois Humane Care for Animals Act.

5. **Contestant Records (Rodeos/Animal Shows)**
   - All participants in the animal show/rodeo who interact with the animals must wear a clearly visible bib number on their back. This includes the competitors and the individuals responsible for moving the animals from place to place before, during, and after the event.
   - The applicant and/or the property owner shall maintain a list of all such participants corresponding with their bib number and their contact information, and shall provide that list to the County upon request of the Zoning Enforcement Officer or State's Attorney's Office.
   - This list must be kept by the applicant and/or the property owner for no less than three years after the date of the event.

# EXHIBIT B

**Susan M. Coffman**

**From:** Gustavo Nevarez <g.nevarez0711@gmail.com>
**Sent:** Thursday, August 29, 2024 5:38 PM
**To:** Jamie Robinson
**Subject:** Fwd: July 6, 2024 animal show - Spring Road

**From:** Diane Zimmerman <dzimmerman@boonecountyil.gov>
**Date:** July 17, 2024 at 11:31:20 AM CDT
**To:** Gustavo Nevarez <g.nevarez0711@gmail.com>
**Subject: FW: July 6, 2024 animal show - Spring Road**

Good morning Gustavo,
Please read the below comments from the State's Attorney's Office.  It is imperative
that the Animal Show zoning ordinance is followed.  Continued violations may result in
future denials of events.

*Diane Zimmerman*
Zoning Inspector
Boone County Building Department
1212 Logan Ave  Suite 101
Belvidere IL  61008
Phone: 815-544-6176
Fax: 815-547-0906

PLEASE NOTE E-MAIL ADDRESS HAS BEEN CHANGED FROM .ORG
TO .GOV

dzimmerman@boonecountyil.gov

**From:** Karla Maville <kmaville@boonecountyil.gov>
**Sent:** Wednesday, July 17, 2024 11:14 AM
**To:** Diane Zimmerman <dzimmerman@boonecountyil.gov>
**Cc:** Tricia Smith <tsmith@boonecountyil.gov>
**Subject:** July 6, 2024 animal show - Spring Road

Hi Diane,

After reading the police reports from the July 6, 2024 animal show at 10813 Spring
Road, there were some issues that I believe you should address with the property
owner.  They do not rise to our office filing an ordinance violation at this time, but they
may do so if repeated.

1.  Lack of bib numbers.  (This is the most important violation.)  Neither
    participants nor those dealing with the animals were wearing bib numbers of
    any kind.  If this is not remedied, our office will file an ordinance violation next

1

      time.  Additionally, if there are further violations of this requirement, future
      temporary use permits may be denied.

2.    Music continuing past 8:00 p.m.  There were multiple reports that the music
      continued a little past 8:00 p.m.  Please make sure the permit holder knows that
      8:00 p.m. is the latest that the music should play.

3.    Please remind the permit holder that there is a 50' setback from all right of ways
      and other property lines for "all sales areas, seating areas, activities,
      performance and event areas, and parking areas."

4.    The event set-up should conform with the site plan on file with your
      department.

5.    The music should only be playing during the duration of the animal show.

If you have any questions, please let me know.

Karla

Karla M. Maville
Boone County State's Attorney's Office
Civil Division
601 N. Main Street
Belvidere, IL  61008
p: (815) 544-0868
f: (815) 547-4847
kmaville@boonecountyil.gov

# EXHIBIT C

# BOONE COUNTY STATE'S ATTORNEY
## TRICIA L. SMITH

601 N. MAIN STREET
SUITE 302
BELVIDERE, IL 61008



PHONE: (815) 544-0868
FAX: (815) 547-4847

August 26, 2024

Mr. Gustavo Nevarez
Rancho Las Rosas, LLC
942 Courtney Dr.
Carpentersville, IL 60110

Dear Mr. Nevarez,

The Boone County Zoning Enforcement Officer has determined that due to violations of section 4.2.3.A.1.c. of the Boone County Zoning Ordinance for two consecutive events, you will not be issued a temporary use permit for future events for at least one year from August 4, 2024.

Specifically, you failed to adequately identify participants in your July 6, 2024 and August 4, 2024 animal shows. The relevant ordinance provision is as follows:

> c. *Participant Identification. All participants in the animal show/rodeo who interact with the animals must wear a clearly visible bib number on their back. This includes the competitors and the individuals responsible for moving the animals from place to place before, during, and after the event. The applicant and/or the property owner shall maintain a list of all such participants corresponding with their bib number and their contact information, and shall provide that list to the County upon request of the Zoning Enforcement Officer or State's Attorney's Office. This list must be kept by the applicant and/or the property owner for no less than three years after the date of the event.*

You should immediately cease advertising for your upcoming Animal Show.

Very truly yours,

Karla M. Maville
Boone County Assistant State's Attorney
cc: Ms. Diane Zimmerman

# EXHIBIT D



# Boone County Planning Department

1212 LOGAN AVENUE, SUITE 102
BELVIDERE, ILLINOIS 61008
PHONE: (815)-547-6698 FAX: (815)-547-3579

## APPLICATION FOR APPEAL

Name of Applicant  Gustavo Nevarez

Mailing Address  942 cortney drive Carpentersville IL 60110 United States

Phone Number:  Home  (847) 652-4131          Business

Decision Being Appealed:

The decisions being appealed are :
1. One year suspension of any TUP 's for Gustavo Nevarez
2. Revocation of Nevarez 's September 15 , 2024 TUP for an Animal Show Event.

Date  8/30/2024

Applicant Signature

---

### (For Official Use Only)

Filing Date _____          ZBA Date_____

Date _____                    Staff Signature

**NOTE:**  Applications can be filed at anytime.  Applications will not be processed until all of the required information has been submitted. See the attached schedule of meeting dates and deadlines for submittals.

**Gustavo Nevarez Appeal**
**August 30, 2024**

Dear Zoning Administrator and Zoning Board of Appeals:

Our firm represents Gustavo Nevarez. On August 26, 2024, Mr. Nevarez was sent a letter from Attorney Tricia Smith suspending his rights to have any temporary use permits for a year from August 4, 2024. Because Mr. Nevarez had already submitted an application for a TUP for his event on September 15, 2024, that permit process was terminated. A copy of the letter is attached hereto. The basis for the suspension and revocation was his alleged repeated violations of Section 4.2.3.A.1.c of the Zoning Ordinance on both July 6, 2024 and August 4, 2024. Section 4.2.3.A.1.c requires:

> c. *Participant Identification. All participants in the animal show/rodeo who interact with the animals must wear a clearly visible bib number on their back. This includes the competitors and the individuals responsible for moving the animals from place to place before, during, and after the event. The applicant and/or the property owner shall maintain a list of all such participants corresponding with their bib number and their contact information, and shall provide that list to the County upon request of the Zoning Enforcement Officer or State's Attorney's Office. This list must be kept by the applicant and/or the property owner for no less than three years after the date of the event.*

My client hereby submits his appeal of this decision to the Zoning Administrator and the ZBA in accordance with section 2.9 of the Boone County Zoning Code.

There are several reasons Mr. Nevarez is appealing this decision.

1. Mr. Nevarez has been trying to comply with the County's Zoning Ordinance. At his event on July 6, 2024, all of the event participants were wearing the same shirts so that they could be easily identified. All of the individuals working for the event were also wearing the same shirts so they could be identified. Pictures are attached hereto as IMG_0680.JPG (participants) and IMG_9688.jpg and IMG_employees.jpg and IMG_otheremployees.jpg (event workers) Upon information and belief, the only representative from the County who attended Mr. Nevarez's event and responsible for inspecting Mr. Nevarez's compliance with his TUP, was Sheriff Yunk. Sheriff Yunk was shown that all of the participants had matching shirts as did the event workers. After the event, on July 17, 2024, Attorney Maville sent an email to Diane Zimmerman which was forwarded to Mr. Nevarez. In that email, Attorney Maville directed Ms. Zimmerman to warn Mr. Nevarez that he was not in compliance with the TUP ordinance in that neither the participants nor the horses in the event had bib numbers. Attorney Maville stated in that email that "if this is not remedied, our office will file an ordinance violation next time" and also warned that future violations could result in suspension. A copy of the July 17, 2024 email is attached.

2. At Mr. Nevarez's August 4, 2024 event, in an effort to comply with the ordinance again, he had all of the horses tagged with numbers. Pictures of the tagged horses and the type of tag used are attached as IMG_0627.jpg and IMG_0630.PNG. When Sheriff Yunk appeared at the event to conduct his inspection, Mr. Nevarez showed him that all of his horses had identification numbers, except one. That tag was in the pocket shirt of the participant. At Mr. Nevarez's events, each horse has only one rider. Therefore, if the horses are identified, then the participants can also be identified. Sheriff Yunk did not indicate to my client that he was not in compliance with the TUP ordinance and indicated that as far as he was concerned the tags were sufficient. Therefore, my client believed that this was sufficient to comply with the Zoning Ordinance.

3. Following the August 4, 2024 event, Mr. Neveraz was never issued an ordinance violation. Accordingly, Mr. Nevarez applied for another TUP on August 16, 2024, for which he has been planning an event for September 15, 2024. On August 26, 2024, when Mr. Nevarez submitted the identity of the vet he would be using for the event, one of the final steps in obtaining a TUP, Mr. Nevarez was sent a letter from Attorney Smith indicating retrospectively that he will not be issued any TUPs after August 4 for a year due to his repeated violations of section 4.2.3.A.1.c even though he had already planned an event for September 15, 2024.

4. The purpose of Section 4.2.3.A.1.c is to ensure that the horses and individuals who ride them at horse shows can be identified. Why that is a requirement is entirely unclear, but it is notable that the County does not require a list of participants be disclosed BEFORE or AFTER the event. The County can request such list, but at neither my client's July 6th, nor the August 4th events, did the County request such information. Nor was Mr. Nevarez notified of any problems caused by any of the horses or the participants of either event.

5. Section 4.2.10 on the Zoning Ordinance allows the zoning enforcement officer:

> at any time prior to or during the period for which a permit has been issued, to revoke the permit if *it is determined that information is inaccurate or incomplete of which inaccuracy or omission substantially affects the event proposed or if the zoning enforcement officer becomes aware of information which they believe poses a serious threat to the health, welfare, security, or safety of any resident of Boone County or any other persons attending the event."*

> Violation of this code may result in, including but not limited to, denial or revocation of any future permits. The zoning enforcement officer reserves the right to revoke any future temporary use permits for a specified time, based on non-compliance with section 4.2.

It is clear that even if my client was not in full compliance with Section 4.2.3.A.1.c that there is no basis to refuse to issue his TUP permit for September 15, 2024 or to suspend his right to any further TUP's for a year.

- First, Mr. Nevarez was in substantial compliance with the Zoning Ordinance. If anything, this was a technical violation, which should not result in terminating a TUP already planned and applied for or suspending future TUP's.

- Second, Mr. Nevarez was **never** issued **any** ordinance violation as indicated would happen by the State's Attorney's office. Mr. Nevarez was only given a warning that a future violation would result in being issued an ordinance violation. Mr. Nevarez believed that he was in compliance with the ordinance at both his July 6 and August 4 events. It would be patently unfair to revoke Mr. Nevarez's right to have any TUP's for an entire year when the County never issued an ordinance violation explaining that what Mr. Nevarez was doing to try to comply with the ordinance was insufficient.

- Third, the wording of the Zoning Ordinance suggests that revocation or suspension is only appropriate if there is something incomplete or inaccurate about his application or if his non-compliance with this section of the ordinance substantially affects the event or poses a threat to someone. The wording of this section suggests that a far more serious violation must occur to suspend or to revoke a TUP.

- Fourth, the Zoning Enforcement Officer could have taken much less drastic action against my client. The Zoning Enforcement Officer could have issued a notice of violation. If the Zoning Enforcement officer was concerned about any specific participant or not satisfied that the participants were adequately identified, she could have requested a list of participants from my client, which she failed to do. There has been no reason stated in any of the correspondence to my client why his failure to comply 100% with this section of the Zoning Ordinance was so problematic that his right to any such permits would be revoked for a year. It was a **technical violation** that has harmed no one. My client advises me that he will have bibs with numbers for his event on September 15, 2024 as he now understands that is the only thing the County will accept from him.

- Fifth, the notice of suspension is unfairly and inexplicably retroactive and after my client put significant cost and effort into planning another TUP event for September 15, 2024. Because Mr. Nevarez was neither notified of an ordinance violation or of the suspension in a timely manner, (it was 22 days later) it would be unfair to refuse to allow Mr. Nevarez to go forward with his event on September 15, 2024.

- Finally, upon information and belief, participants at other shows also have not had participants with numbered bibs, but they have not been issued ordinance violations or had future TUP's suspended. For instance, at a show on April 13, 2024, at 289 Irene Road, Kirkland IL pictures were taken of these participants who are wearing ribbons, by no numbered bids. A copy of the picture taken is attached as IMG_0645.PNG.

Because of the late notice provided to my client, he is now precluded from obtaining a decision from the ZBA before his event. Accordingly, my client seeks expedited review of this matter.

If the County has any questions about this appeal, please contact me directly at either 312.213.2230 or jr@brunolawus.com